UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SIR HOLLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV624-059 |
| | ) |
| CORE CIVIC, | ) |
| | ) |
| Defendant. | ) |

ORDER

Pro se plaintiff Sir Holley filed this case alleging that he was subjected to unconstitutional conditions of confinement. (See doc. no. 1 at 5.) He was granted leave to proceed in forma pauperis and the Magistrate Judge directed him to return several forms. (See doc. no. 4.) When he failed to comply, the Magistrate Judge recommended that his case be dismissed. (See doc. no. 5.) Holley objects to that recommendation. (See doc. no. 6.) Finally, the Court must address Holley's request for a preliminary injunction. (Doc. no. 7.)

Holley's objection to the Report and Recommendation states, unedited and in its entirety: "I Sir Holley believe my complaint should not be dismissed due to the fact of institutional shakedown and holidays which postponed delay of delivery of my mail. All my paperwork was filed in a timely manner." (Doc. no. 6.) Holley's reference to "holidays" is somewhat confusing, as the Magistrate Judge's Order concerning the forms was entered on October 22, 2024 and Holley was required to return the forms by November 5, 2024. (Doc. no. 4.) Moreover, the docket in this case straightforwardly contradicts Holley's contention that he returned the required forms. The vague reference to "paperwork" does not amount to an assertion that he submitted the required forms for

mailing, particularly given that he has taken no apparent steps to submit the forms out-of-time. Holley's Objection is, therefore, **OVERRULED**. (Doc. no. 6.) Accordingly, the Report and Recommendation is **ADOPTED**. (Doc. no. 5.) Holley's Complaint is **DISMISSSED**. (Doc. no. 1.) The Clerk is **DIRECTED to CLOSE** this case.

Although the Court agrees with the Magistrate Judge's recommendation that Holley's Complaint should be dismissed for his failure to comply with the Court's Orders, it will briefly address his request for a preliminary injunction. (Doc. no. 7.) The requested injunction would preclude "the Defendants [sic], their successors in office, agents and employees and all other persons acting in concert and participation with them," from "placing Plaintiff in the hole, harming him, harassing him, and or stop him from calling and writing his family, keep him in general population allowing his safety [un]til[ ] his release from Core Civic." (Id. at 1.) First, this Court lacks jurisdiction to enter an injunction against any nonparty; that is, any party other than Defendant Core Civic. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842-43 (11th Cir. 1995); see also, e.g., Dipietro v. Lockhart, 4:20-cv-00035-CDL-MSH, 2022 WL 17588299, at *1 (M.D. Ga. July 5, 2022). Moreover, to the extent that the conduct Holley would seek to enjoin is plausibly unlawful, the injunction "would do no more than instruct [the defendant] to 'obey the law,' . . . [and] would not satisfy the specificity requirements of Rule 65(d) and . . . would be incapable of enforcement." Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). Finally, Holley has not made any of the showings required for the "extraordinary and drastic remedy" of a preliminary injunction. See, e.g.,

<u>All Care Nursing Serv., Inc. v. Bethesda Memorial Hosp., Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989). His Motion is, therefore, **DENIED**. (Doc. no. 7.)

ORDER ENTERED at Augusta, Georgia, this 3rd day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA